IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DETRIC LEWIS,**

    Petitioner,

    v.                                                   CASE NO. 18-3044-JWL

**N. C. ENGLISH, Warden,**
**USP-Leavenworth,**

    Respondent.

**MEMORANDUM AND ORDER**

This matter is a petition for habeas corpus filed under 28 U.S.C. § 2241. Petitioner, a prisoner in federal custody at USP-Leavenworth, proceeds pro se. Petitioner challenges his designation as a career offender. The Court has screened his Petition (Doc. 1) under Rule 4 of the Rules Governing Habeas Corpus Cases, foll. 28 U.S.C. § 2254, and dismisses this action without prejudice for lack of statutory jurisdiction.

**Background**

Petitioner was sentenced to 188 months imprisonment in the U.S. District Court for the Northern District of Texas (Dallas Division) on March 25, 2011, after pleading guilty to conspiracy to distribute a controlled substance. *Lewis v. United States*, 2013 WL 6869471, at *1 (N.D. Tex. Dec. 30, 2013). Petitioner's case was affirmed on appeal. *See United States v. Lewis*, 467 F. App'x 298 (5th Cir. 2012). Petitioner then filed a § 2255 motion, asserting that he received ineffective assistance of counsel. *Lewis*, 2013 WL 6869471. Petitioner's § 2255 motion was denied and Petitioner sought permission to file a second or successive § 2255 motion in the Fifth Circuit Court of Appeals, challenging his sentence as a career offender. Case No. 16-10799 (5th Cir. 2016). The Fifth Circuit denied the motion, finding that "[o]nly a decision by the Supreme Court may serve as the basis for granting authorization, § 2255(h)(2), and Lewis has not made the

requisite showing with respect to *Mathis* or *Johnson*." *Id*. at Doc. 00513727534. Plaintiff again filed a motion for authorization to file a successive § 2255 motion. Case No. 17-10389 (5th Cir. 2017). The Fifth Circuit denied the motion on May 31, 2017, noting that Petitioner's claims were repetitive of, or similar to, claims raised in his previous motion, and warning Petitioner that future frivolous filings would result in the imposition of sanctions. *Id*. at Doc. 00514013884. Petitioner then filed a motion under Fed. R. Civ. P. 60(b) in his underlying criminal case, seeking relief again under *Mathis v. United States*, 136 S. Ct. 2243 (2016). On September 19, 2017, the court adopted the magistrate judge's recommendation and found that the Rule 60(b) motion should be construed as an unauthorized successive § 2255 motion and transferred to the Fifth Circuit. *United States v. Lewis*, No. 3:10-cr-40-D (03), 2017 WL 4155279 (N.D. Tex. Sept. 19, 2017). Petitioner then sought to withdraw the transferred motion. *See* Case No. 17-10389, Doc. 00514260890.

Petitioner then filed the instant petition under 28 U.S.C. § 2241. Petitioner invokes the savings clause of § 2255(e), arguing that § 2255 is inadequate or ineffective to test the legality of his detention.

**Analysis**

The Court must first determine whether § 2241 was the proper vehicle to bring Petitioner's claims. Because "that issue impacts the court's statutory jurisdiction, it is a threshold matter." *Sandlain v. English*, 2017 WL 4479370 (10th Cir. Oct. 5, 2017) (unpublished) (finding that whether *Mathis* is retroactive goes to the merits and the court must first decide whether § 2241 is the proper vehicle to bring the claim) (citing *Abernathy v. Wandes*, 713 F.3d 538, 557 (10th Cir. 2013)).

A federal prisoner seeking release from allegedly illegal confinement may file a motion to

"vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). A motion under § 2255 must be filed in the district where the petitioner was convicted and sentence imposed. *Sines v. Wilner*, 609 F.3d 1070, 1073 (10th Cir. 2010). Generally, the motion remedy under 28 U.S.C. § 2255 provides "the only means to challenge the validity of a federal conviction following the conclusion of direct appeal." *Hale v. Fox*, 829 F.3d 1162, 1165 (10th Cir. 2016), *cert. denied sub nom. Hale v. Julian*, 137 S. Ct. 641 (2017). However, under the "savings clause" in § 2255(e), a federal prisoner may file an application for habeas corpus under 28 U.S.C. § 2241 in the district of confinement if the petitioner demonstrates that the remedy provided by § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e).

Petitioner seeks relief based on the Fifth Circuit's post-*Mathis* overruling of *Ford*, the then-controlling precedent that foreclosed the claim he brought on direct appeal. *See United States v. Tanksley*, 848 F.3d 347 (5th Cir.), *supplemented by* 854 F.3d 284 (5th Cir. 2017). Petitioner claims that "as of today" a prior conviction under Section 481.112(a) does not count as "a controlled substance offense" under the career offender provision of the sentencing guidelines.

The Tenth Circuit relied on *Prost v. Anderson*, 636 F.3d 578 (10th Cir. 2011),[1] to reject a similar argument in *Sandlain*.[2] In *Prost*, the Tenth Circuit held that Prost was free to raise and test his argument in his initial § 2255 motion, despite contrary circuit authority at the time. The Tenth Circuit held that "it is the infirmity of the § 2255 remedy itself, not the failure to use it or to prevail

---

[1] Petitioner urges this Court to disregard or "overrule" *Prost*. This Court is bound by Tenth Circuit precedent. *United States v. Spedalieri*, 910 F.2d 707, 709, n.2 (10th Cir. 1990) ("A district court must follow the precedent of this circuit, regardless of its views concerning the advantages of the precedent of our sister circuits.") (citations omitted); *see also Leatherwood v. Allbaugh*, 861 F.3d 1034, 1042 n.6 (10th Cir. 2017) ("[w]e are bound by the precedent of prior panels absent en banc reconsideration or a superseding contrary decision by the Supreme Court.") (quoting *Barnes v. United States*, 776 F.3d 1134, 1147 (10th Cir. 2015)).

[2] "Sandlain claimed § 2255 was inadequate or ineffective to challenge his sentence because Sixth Circuit law at the time he filed his initial § 2255 motion precluded him from raising an ineffective assistance of counsel claim based on counsel's failure to challenge the use of the modified categorical approach to determine the means, rather than the elements, of his prior conviction under Mich. Comp. Laws § 333.7401." *Sandlain*, 2017 WL 4479370, at *2.

under it, that is determinative. To invoke the savings clause, there must be something about the initial § 2255 procedure that *itself* is inadequate or ineffective for *testing* a challenge to detention." *Prost*, 636 F.3d at 589. The Tenth Circuit noted that Prost was free to raise his argument in his initial § 2255 motion, and the fact that his argument may have been foreclosed by erroneous circuit precedent was not enough to invoke the savings clause of § 2255(e). *Id*. at 590. "The savings clause doesn't guarantee results, only process," and "the possibility of an erroneous result—the denial of relief that should have been granted—does not render the procedural mechanism Congress provided for bringing that claim (whether it be 28 U.S.C. §§ 1331, 1332, 2201, 2255, or otherwise) an inadequate or ineffective *remedial vehicle* for *testing* its merits within the plain meaning of the savings clause." *Id*. (emphasis in original).

The petitioner has the burden to show that the remedy under §2255 is inadequate or ineffective. *Hale*, 829 F.3d at 1179. Like the petitioners in *Sandlain* and *Prost*, Petitioner has failed to meet that burden. "[E]ven assuming there was contrary circuit precedent, nothing prevented him from raising the argument in his initial § 2255 motion and then challenging any contrary precedent via en banc or certiorari review." *Sandlain*, 2017 WL 4479370, at *3. The Fifth Circuit, in denying Petitioner's § 2255 motion, found that Petitioner had not made a prima facie showing under § 2255(h),[3] citing *In re Lott*, 838 F.3d 522, 523 (5th Cir. 2016) (per curiam). If § 2255 could be deemed "inadequate or ineffective" "any time a petitioner is barred from raising a meritorious second or successive challenge to his conviction—subsection (h) would become a nullity, a 'meaningless gesture.'" *Prost*, 636 F.3d at 586; *see also Hale*, 829 F.3d at 1174

---

[3] 28 U.S.C. § 2255(h) provides that:
(h) A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain—
    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

("Because Mr. Hale cannot satisfy § 2255(h), he cannot, under *Prost*, satisfy § 2255(e), and § 2241 review must be denied.").

Petitioner also claims that § 2255 is inadequate or ineffective because he is actually innocent, not of his underlying crime, but of his career offender sentence enhancement. However, a petitioner can only establish actual innocence "by bringing forward new exculpatory evidence," and the "[p]ossible misuse of a prior conviction as a predicate offense under the sentencing guidelines does not demonstrate actual innocence." *Sandlain*, 2017 WL 4479370, at *4 (citing *Hale*, 829 F.3d at 1171).

The Court finds that the savings clause of § 2255(e) does not apply and therefore the Court lacks statutory jurisdiction.   Accordingly,

**IT IS THEREFORE ORDERED BY THE COURT** that the petition is **dismissed without prejudice**.

**IT IS SO ORDERED**.

**Dated in Kansas City, Kansas, on this 9th day of March, 2018.**

                                **S/ John W. Lungstrum**
                                **JOHN W. LUNGSTRUM**
                                **UNITED STATES DISTRICT JUDGE**